**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 15-10130-EFM

JOSE ALANIZ-HERNANDEZ,

*Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jose Alaniz-Hernandez's "Motion for Hardship Credit for Hard Time Served" (Doc. 116). The government filed a response asserting that the Court lacks jurisdiction. For the reasons stated below, the Court dismisses Defendant's motion without prejudice for lack of jurisdiction.

**I. Factual and Procedural Background**

On January 18, 2017, Defendant pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On April 7, 2017, Defendant was sentenced to 120 months. He is currently incarcerated at CI Giles W. Dalby in Post, Texas, and projected to be released on March 2, 2024.

Defendant filed the instant motion on September 13, 2021. His motion asserts that he has been on lock-down status for 420 days due to the COVID-19 pandemic. He states that access to

recreational services is limited, dietary needs are below standards, time in solitary confinement in cells is excessive, personal hygiene is degraded, and medical care is scarce. He claims that these conditions violate his Fifth, Eighth, and Fourteenth Amendment rights. Defendant requests that the Court grant "hardship credit for hard time served and grant the defendant two days credit for one served for the time" he has been locked down.

## II.     Analysis

This Court lacks jurisdiction to grant Defendant's request or address the merits of his complaint. Defendant seeks hard time credit and a reduction in time served or a shortened period of confinement. Thus, his motion should be characterized as a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] "A proper § 2241 petition challenges 'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.' "[2] Section 2241 petitions, however, can only be heard in the district of confinement as that district is the one with jurisdiction.[3] Defendant is incarcerated, or confined, in Texas. Thus, Defendant must file his petition there, and this Court does not have jurisdiction to hear his request.

In the alternative, to the extent that Defendant is seeking to challenge the conditions of his confinement, he must do so through a civil action.[4] To proceed in that manner, Defendant would

---

[1] *See United States v. Razo*, 2021 WL 1750853, at *1 (D. Kan. 2021).

[2] *Jones v. English*, 817 F. App'x 580, 583 (10th Cir. 2020) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

[3] *Razo*, 2021 WL 1750853, at *1 (citing *Spurlin v. Dir. of the N. Cent. Region for the Fed. Bureau of Prisons*, 2021 WL 1597945, at *1 (D. Kan. 2021) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The warden is the proper respondent to a habeas petition because the warden is the person who has custody over the defendant. *Spurlin*, 2021 WL 1597945, at *1 (citing *Rumsfeld*, 542 U.S. at 434-35; 28 U.S.C. §§ 2243, 2241(a)).

[4] *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh*, 115 F.3d at 812; then citing *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings."); *see also Razo*, 2021 WL 1750853, at *1.

have had to file a lawsuit pursuant to 42 U.S.C. § 1983 or a *Bivens* action.[5] Defendant did not do so, and thus the Court lacks jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Hardship Credit for Hard Time Served (Doc. 116) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated this 20th day of October, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

[5] *Standifer*, 653 F.3d at 1280 (citations omitted).